UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westfield Insurance Company,  Civ. No. 17-400 (PAM/LIB)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Miller Architects & Builders, Inc.,

Defendant.

This matter is before the Court on Defendant's Motion for Partial Entry of Judgment and a Stay, and for attorney's fees and costs. For the following reasons, the Motion is granted.

**BACKGROUND**

In January 2018, the Court granted summary judgment to Defendant Miller Architects and Builders, Inc. ("Miller"), finding that Plaintiff Westfield Insurance Company breached its duty to defend Miller in an arbitration proceeding involving allegedly faulty design and construction of an apartment building in Grand Forks, North Dakota. (Docket No. 48.) Miller now requests entry of judgment on Westfield's duty to defend, a stay pending the outcome of the underlying arbitration, and an award of attorney's fees, costs, and statutory prejudgment interest.

**A.  Rule 54(b) Partial Judgment**

To determine whether to enter partial judgment under Rule 54(b) the Court considers "the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." McAdams v. McCord, 533 F.3d 924, 928 (8th

Cir. 2008) (quotation omitted). The Court must consider factors such as "the interrelationship of the claims so as to prevent piecemeal appeals," Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 774 (8th Cir. 2009) (quotation omitted), and whether "there is some danger of hardship or injustice which an immediate appeal would alleviate." Taco John's of Huron, Inc. v. Bix Produce Co., 569 F.3d 401, 402 (8th Cir. 2009). The Eighth Circuit has found that the entry of judgment on a duty-to-defend determination is appropriate. John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 418 (8th Cir. 1991).

The only claims remaining in this case involve Westfield's duty to indemnify Miller should Miller be held liable for a covered claim in the underlying arbitration. "[U]nder Minnesota law, . . . the duty to defend and the duty to indemnify are two issues, not one." Id. Without the entry of judgment as to Westfield's duty to defend, Miller has been unable to recoup its attorney's fees of more than $360,000 plus significant prejudgment interest. The hardship to Miller if partial judgment is not entered is undeniable. And an appeal on the duty to defend would not necessarily result in piecemeal appeals, because that issue may be dispositive of all coverage issues in the case. In any event, both parties acknowledge that judgment on the duty to defend will help move settlement discussions in the underlying arbitration.

Westfield also argues that a judgment that Westfield is obligated to defend Miller is not appropriate because Miller did not move for summary judgment on its declaratory-judgment counterclaim. But Westfield moved for summary judgment on its own declaratory-judgment counterclaim which sought a declaration of non-coverage; the denial

2

of Westfield's motion means that the opposite declaration is appropriate. In any event, Westfield's argument elevates form over substance. The Court found that Westfield has a duty to defend Miller. Entry of judgment on that issue is undoubtedly appropriate.

The equities here weigh strongly in favor of granting Miller partial judgment on its duty-to-defend counterclaim, and the Court will therefore enter such judgment.

**B.      Stay**

Miller also seeks a stay of this case pending the outcome of the arbitration proceeding. Westfield does not oppose a stay but argues that the Court should require Miller to respond to discovery requests that Westfield has already served. According to Miller, the discovery relates to Westfield's duty to indemnify, which is the precise issue that Miller wants stayed until after the arbitration.

Contrary to Westfield's assertions, ongoing discovery is unnecessary. Miller acknowledges its duty to keep Westfield apprised of information regarding the arbitration. If Miller is not providing Westfield with sufficient information about the arbitration, Westfield can seek appropriate relief from Magistrate Judge Brisbois. The remaining indemnification claim will therefore be stayed pending the arbitration.

**C.      Attorney's Fees**

Westfield again agrees that Miller is entitled to its attorney's fees and to prejudgment interest on those fees. Westfield takes issue with the amounts requested and the calculation of prejudgment interest, however.

### 1. Prejudgment interest

Westfield contends that prejudgment interest should be calculated as to each attorney invoice separately. In other words, although Westfield agrees that prejudgment interest is due on Miller's attorney's fees, it believes that the Court should calculate that interest not on the entire amount of fees, but by individual invoice. According to Westfield, interest cannot be due on amounts incurred after Miller's tender of defense until Miller became obligated to pay those amounts.

But Westfield cites no authority for the piecemeal approach it advocates. And Westfield's position is contrary to relevant authority and the text of the statute itself. See Minn. Stat. § 60A.0811, subd. 2(a) (stating that prejudgment interest is "calculated from the date the request for payment of those benefits was made"); Avon State Bank v. BancInsure, Inc., 787 F.3d 952, 960 (8th Cir. 2015) (approving district court's calculation of prejudgment interest from the date the insured first requested coverage, not from date insured actually paid the costs). Prejudgment interest is calculated from the date Miller tendered its defense to Westfield, not the date of each individual attorney's invoice and is therefore due from March 2015 to the present on the fees Miller reasonably incurred defending the underlying arbitration.

### 2. Amount of fees

Westfield takes issue with the amount of fees Miller requests. Westfield notes that the amount of Miller's fees for the dispositive motions in this case is 60% more than what Westfield spent on those motions. But there are logical reasons for this discrepancy, not the least of which is the fact that Miller's burden in defending against its insurer's summary

4

judgment motion was necessarily more fact- and record-intensive than Westfield's arguments in bringing that motion.

Westfield urges the Court to give Miller only 60% of the fees it requests but offers very little in the way of specifics regarding which fees it believes are excessive. And even Westfield's specific examples are not particularly persuasive. Westfield notes that Miller spent 48 hours on responses to discovery, while Westfield only spent 12. But Miller bore the brunt of discovery here, and it is unsurprising that its attorneys spent more time on that discovery.

To determine whether a requested award of attorney's fees is reasonable, the Court uses the lodestar method. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). The lodestar is the number of hours reasonably expended times a reasonable hourly rate for those hours. Id. Westfield does not take issue with the hourly rate Miller claims, and the Court determines that the hours Miller's attorneys spent on the arbitration and in defending this matter were reasonable in light of the complexity of the matter and the work involved. Thus, Miller is entitled to the fees it claims: $167,465.07 for defense of the underlying arbitration from inception until January 2017, and $194,458.18 for defense of this litigation. Prejudgment interest on the arbitration-defense fees is also due, in the amount of $45.88 per day, from March 6, 2015, to the date of this Order.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Miller's Motion Attorney's Fees and Costs, Entry of Partial Final Judgment, and Stay (Docket No. 49) is **GRANTED**;

2. Miller is entitled to collect from Westfield the amount of $361,923.25, plus prejudgment interest of $57,671.16 as of the date of this Order, accruing at an additional $45.88 per day until paid;

3. Under Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and Judgment is **ENTERED** as to Westfield's duty to defend Miller in the underlying arbitration; and

4. The remaining issues in this case are **STAYED** pending the outcome of the underlying arbitration. The parties shall file a joint status report with the Court within six months of the date of this Order, and periodic status reports every three months thereafter, until the arbitration proceedings are complete.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 13, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge